UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-5242-MLP <br><br> ORDER |

## I.     INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by discounting a treating nurse practitioner's opinion and his own subjective testimony.[1] (Dkt. # 12 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.     BACKGROUND

Plaintiff was born in 1974, has a GED, and has worked as a temporary laborer, grocery stocker, and lumber yard hand. AR at 278, 444. Plaintiff was last gainfully employed in

---

[1] For the first time in his reply brief, Plaintiff contends that the ALJ's decision is also erroneous in light of evidence submitted to the Appeals Council. (Dkt. # 17 at 7-9.) Because this issue was not raised on the first page of the opening brief (*see* dkt. # 11 at 2), or indeed anywhere in the opening brief, the Court declines to address these arguments. *See Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) ("[A]rguments not raised by a party in an opening brief are waived.").

ORDER - 1

November 2008. *Id.* at 444.

In December 2016, Plaintiff applied for benefits, alleging disability as of November 14, 2014. AR at 408-13. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 334-37, 341-46. After the ALJ conducted a hearing in October 2018 (*id*. at 270-310), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 228-38.

Utilizing the five-step disability evaluation process,[2] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the application date.

Step two: Plaintiff has the following severe impairments: lumbar arthropathy and fusion with suspected ankylosing spondylitis, left foot and ankle contracture and plantar fasciitis, bilateral foot pes planus and osteoarthritis, bilateral hip osteoarthritis, multiple joint pain or osteoarthritis, and obesity.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[3]

Residual Functional Capacity: Plaintiff can perform sedentary work with additional restrictions: he can sit for 45 minutes at a time, with the opportunity to change positions for approximately five minutes while remaining on task. He can stand for no more than 45 minutes at a time, and walk no more than 15 minutes at a time. He should never climb ladders, ropes, or scaffolds. He can climb ramps and stairs less than occasionally. He can occasionally stoop, kneel, crouch, and balance, and can never crawl. He can have no more than occasional exposure to high impact vibrations and hazards, such as unprotected heights and dangerous machinery.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 228-38.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the

---

[2] 20 C.F.R. § 416.920.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.  DISCUSSION

**A.   The ALJ Did Not Err in Discounting Plaintiff's Subjective Testimony**

The ALJ discounted Plaintiff's allegations of disabling pain because (1) the treatment record showed that Plaintiff reported at most moderate pain, (2) Plaintiff's pain symptoms

ORDER - 3

improved with conservative treatment, (3) the objective testing showed normal muscle strength and normal range of motion, (4) Plaintiff's activities contradicted his allegations of disabling pain, and (5) Plaintiff stopped working six years before he claims his disability began. AR at 234-36. Plaintiff argues that the ALJ's reasons were not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

In challenging the ALJ's first reason, Plaintiff focuses on his hearing testimony describing "ongoing extreme pain" (dkt. # 12 at 9), but does not show that the ALJ unreasonably found that the treatment record showed that Plaintiff generally reported at most moderate pain, with occasional flares. AR at 234-35. The discrepancy between Plaintiff's reporting to providers and his hearing testimony is a valid reason to discount Plaintiff's allegations. *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (ALJ may consider a claimant's inconsistent or non-existent reporting of symptoms).

As to the ALJ's second reason, Plaintiff argues that his medications were extreme, rather than conservative, and were not always effective. (Dkt. # 12 at 9.) But Plaintiff reported improvement with medication, particularly after he switched to Enbrel. *See* AR at 659, 705, 714, 718, 721, 723, 727-31, 746. Although Plaintiff testified at the hearing that his medications were not helpful the vast majority of the time (*id.* at 296-97), the treatment record indicates he reported otherwise to his doctors, which is a valid reason to discount his allegations. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999) (contrary to claimant's alleged lack of improvement, physician reported symptoms improved with use of medication). The ALJ acknowledged that Plaintiff reported severe symptoms in September 2018, but found that his symptoms at that time were an outlier when viewed in the context of the longitudinal record. AR at 235. Although Plaintiff interprets the record to show "[c]ycles of improvement and

debilitating symptoms" (dkt. # 12 at 7), Plaintiff has not shown that the ALJ's interpretation of the record is unreasonable or is not supported by substantial evidence, and thus has failed to establish error in this regard.

Regarding the ALJ's third reason, Plaintiff emphasizes his hearing testimony that he can barely bend to touch his knees and that his back freezes and stiffens up (dkt. # 12 at 8), but does not address the multiple normal strength and range-of-motion findings contained in the record and cited by the ALJ. *See* AR at 235. The normal objective findings contradict Plaintiff's testimony and support the ALJ's assessment of Plaintiff's allegations. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

Plaintiff also disputes the ALJ's fourth reason, arguing that even if he could complete activities, he still needed to rest and recline after activity and required extra breaks due to drowsiness and/or sleep disruption caused by his medications, which the ALJ erred in failing to discuss. (Dkt. # 12 at 9.) But Plaintiff generally denied medication side effects to his providers (AR at 519, 559, 562, 613, 714, 718, 723, 727), and a couple of reports of fatigue/drowsiness to a provider (*id*. at 205, 697-98) does not establish that these symptoms were caused by his medication nor does it establish the existence of any particular work-related limitation due to medication side effects. Under these circumstances, Plaintiff has not shown that the ALJ erred in failing to discuss his medication side effects. *See Bayliss*, 427 F.3d at 1217 (finding no error in an ALJ's failure to explicitly address the drowsiness side effect of a claimant's medications where "[i]n making his RFC determination, the ALJ took into account those limitations for which there was record support that did not depend on [the claimant's] subjective complaints"); *Roquemore v. Comm'r of Social Sec. Admin.*, 374 Fed. Appx. 693, 695 (9th Cir. Mar. 9, 2010)

(finding that an ALJ did not err in failing to discuss medication side effects where plaintiff "fails to identify any objective evidence of side effects" and "points only to his own subjective claims of drowsiness and decreased concentration").

Plaintiff presents no challenge to the ALJ's final reason, regarding his work history: the ALJ noted that Plaintiff had not worked for years before he alleges he became disabled (AR at 235), which suggests that Plaintiff's lack of employment is not due to his impairments. *See, e.g.*, *Thomas*, 278 F.3d at 959 (ALJ properly considered that claimant's "work history was spotty, at best, with years of unemployment between jobs, even before she claimed disability"). This unchallenged reason further supports the ALJ's assessment of Plaintiff's subjective testimony.

Because the ALJ provided many valid reasons to discount Plaintiff's testimony, the Court affirms this portion of the ALJ's decision.

**B.     The ALJ Did Not Err in Discounting the Opinion of Forrest McGriff, ARNP**

Mr. McGriff, Plaintiff's treating nurse practitioner, completed a form opinion in December 2016, describing Plaintiff's symptoms and limitations. AR at 565-67. Plaintiff had started treatment with Mr. McGriff the month before, and Mr. McGriff had referred Plaintiff to rheumatology for his ankylosing spondylitis, but that referral was still pending at the time that Mr. McGriff completed the form opinion. *See id*. at 565, 567. At that time, Mr. McGriff opined that Plaintiff could perform sedentary work, but also had marked-to-severe restrictions as to standing, walking, lifting, carrying, handling, stooping, and crouching. *Id*. at 566-67.

The ALJ gave significant weight to Mr. McGriff's opinion that Plaintiff could perform sedentary work, but discounted the marked-to-severe functional limitations that Mr. McGriff described, finding them to be inconsistent with Plaintiff's subsequent improvement with treatment. AR at 236. Under regulations applicable to this case, an ALJ's reasons to discount an

ARNP's opinion must be germane. *See Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016); Social Security Ruling 06-03p, 2006 WL 2329939 (Aug. 9, 2006).

Plaintiff argues that the ALJ failed to provide a germane reason to discount Mr. McGriff's opinion because the ALJ failed to cite evidence that his symptoms actually improved with conservative treatment. (Dkt. # 12 at 5-6.) According to Plaintiff, the treatment record shows that his symptoms waxed and waned, and that his opioid medications were "heavy" as opposed to conservative. (Dkt. # 12 at 5-8.)

Plaintiff's arguments are not compelling. As discussed *supra*, the ALJ cited evidence showing that Plaintiff improved subsequent to Mr. McGriff's opinion. *See* AR at 236 (citing *inter alia id*. at 578, 659, 699, 705-06, 709, 715, 729, 746). Although there is some mention of flares of symptoms caused by moving furniture (*id*. at 659), Plaintiff consistently reported that his pain was better with medication and was at most moderate. *Id*. at 705 (back pain rated 2/10), 714 (back pain rated 4/10), 718 (Plaintiff reports no pain currently, but had pain the day before after he put together an entertainment center), 721 (Plaintiff reports improvement with medication), 723 (back pain rated 4/10), 727-31 (back pain rated 3/10), 746 (Plaintiff described pain as "moderate"). Whether or not opioid medication can be fairly characterized as "conservative," Plaintiff's subsequent improvement with treatment is a germane reason to discount Mr. McGriff's opinion. *See Thomas*, 278 F.3d at 957 (ALJ may consider improvement with treatment in discounting physician's opinion).

//
//
//
//

ORDER - 7

### V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 16th day of October, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge